IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CHARLES BROWN, JR., | ) Civil Action No. 4:08-2469-GRA-TER |
| Petitioner, | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| WARDEN OF LIEBER CORRECTIONAL INSTITUTION, | ) |
| Respondent. | ) |

Petitioner, Charles Brown, Jr. ("petitioner"), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on July 11, 2008. Petitioner was an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner has now been released from custody. (See doc. #32 and #34). Respondent filed a return and motion for summary judgment on November 20, 2008, along with supporting memorandum. The undersigned issued an order filed November 21, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to respondent's motion for summary judgment.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

## **PETITION**

In the petition, petitioner asserts that he has "been lock back up on the same charges that I did time for back in 2001." (Petition, Ground One). Petitioner requests that the court "to let me free do till I did my time and they have me back lock up on Double jeprody(sic)." (Petition).

Respondent filed a motion for summary judgment on November 20, 2008, asserting that any claim petitioner raised regarding a double jeopardy violation is in violation of the AEDPA statute of limitations. Respondent argues that petitioner's revocation and sentence was final on October 21, 2006, since petitioner did not file an appeal from his revocation or sentences and there was no intervening PCR. Additionally, respondent argues that petitioner's habeas petition should be dismissed due to failure to exhaust state remedies and that ground one is procedurally barred as it was never raised in state court.

In the memorandum in support of summary judgment, respondent asserted that petitioner's projected release date was May 21, 2009. Therefore, an order was issued on June 1, 2009, giving the parties five days to inform the court of the status of petitioner's custody and, if released as asserted, their position on how it affects this action if at all.

Petitioner filed a notice of change of address with the court. (Doc. #32). Respondent filed a response on June 8, 2009, asserting that petitioner was released after completing his sentence on June 1, 2009, and was not released on parole or under a probationary sentence. Therefore, respondent contends that since petitioner's sentence(s) have been completed, his requests are now rendered moot.

**PROCEDURAL HISTORY**

The procedural history as set out by the respondent has not been seriously disputed by the petitioner. Therefore, the undisputed procedural history as stated by the respondent is set forth herein.

Petitioner was originally convicted on charges of Possession With Intent to Distribute Cocaine (2001-GS-38-454), Possession of Crack Cocaine (2001-GS038-456), and Possession of a Sawed Off Shotgun (2001-GS-38-458) on September 15, 2005. Petitioner was sentenced by the Honorable Diane Goodstein, Circuit Court Judge. On the PWID Cocaine charge, Judge Goodstein sentenced petitioner to seven (7) years provided upon the service of ninety (90) days with the balance suspended to three (3) years probation. On the accompanying charges, Judge Goodstein sentenced petitioner to two (2) years provided upon the service of ninety (90) days with the balance suspended to three (3) years probation. Petitioner did not appeal from his convictions or sentences. It does not appear petitioner filed any kind of post-conviction relief action.

On October 11, 2006, petitioner was found to have violated his probation on the charges of Possession with Intent to Distribute (PWID) Cocaine, Possession of Crack Cocaine, and Possession of a Sawed Off Shotgun. The Honorable Howard P. King, Circuit Court Judge revoked four (4) years on the PWID Cocaine charge, two (2) years on the Possession of Crack Cocaine charge, and two (2) years on the Possession of a Sawed Off Shotgun charge. Petitioner did not appeal from his revocation or sentences. It does not appear petitioner filed any type of post-conviction relief action in state court.

Petitioner was sentenced subsequently to ninety (90) days for Failure to Register as a Sex Offender (2006-GS-38-2061) on July 9, 2007, by the Honorable James C. Williams, Circuit Court Judge. That sentence was ordered to run concurrent with the above sentences at the S.C. Department of Corrections.

Petitioner was also sentenced for Pointing a Firearm (2006-GS-38-1821) and Unlawful Carrying of a Weapon/Pistol (2006-GS-38-1622) on July 10, 2007. Petitioner was sentenced to four (4) years on the Pointing a Firearm Charge and one (1) year for Carrying a Pistol by the Honorable James C. Williams, Circuit Court Judge. The sentences were ordered to run concurrently.

According to the South Carolina Department of Corrections, Office of Inmate Records, petitioner [was] serving his sentences for PWID Crack Cocaine (the probation revocation) and Pointing a Firearm (4 years). All other sentences had been completed including Failing to Register as a Sex Offender. (Respondent's memorandum).

## PETITIONER'S GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, petitioner raises the following grounds:

GROUND ONE:     (Nothing listed)

Supporting Facts:   I Charles Brown have been lock back up on the same charges that I did time for back in 2001.

(Petition).

## SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were

"entitled to judgment as a matter of law" under Rule 56(c) because the petitioner has failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## ANALYSIS

Based on a review of the evidence before the court, it is recommended that this petition be dismissed as moot in that petitioner has been released from custody with his sentence satisfied. When a petition is unconditionally released after a habeas action is filed but before the proceedings are complete, the court must determine whether the case is rendered moot. See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998). Where a petitioner attacks his sentence only and not the validity of his conviction, expiration of the sentence moots the case. See Lane v. Williams, 455 U.S. 624, 631 (1982). A person seeking relief pursuant to § 2254, must show that he is "in custody pursuant to the judgment of a State Court ... in violation of the Constitution or laws ... of the United States." 28 U.S.C. § 2254(a). The person need not necessarily be in prison to meet the "in custody" requirement. If he is subject to any "restraints on a man's liberty, restraints not shared by the public generally," he is considered to be "in custody". Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). When a petitioner is unconditionally released from confinement, the court must determine whether or not his petition is moot. The prisoner maintains a viable action if he is subject to "collateral consequences" or where the situation is "capable of repetition yet evading review." Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) and Broughton v. North Carolina, 717 F.2d 147 (4th Cir.1983). In the present case, petitioner attacks his sentence

arguing that he has "been lock back up on the same charges that I did time for back in 2001." Since petitioner has been released from custody and his sentence has been satisfied, this case should be deemed moot.[2]

## CONCLUSION

As set out above, it is recommended that the petition be dismissed as moot, and the petition be dismissed without an evidentiary hearing.

In the alternative, it is recommended that the respondent's motion for summary judgment be granted as it is barred by the statute of limitations and petitioner has failed to exhaust his state remedies.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 18, 2009
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[2] In the event this case is not deemed moot, it is recommended that respondent's motion for summary judgment be granted as the case is barred by the AEDPA statute of limitations. See 28 U.S.C. § 2244. Additionally, petitioner has not exhausted any available state remedies. See 28 U.S.C. § 2254 and Rose v. Lundy, 455 U.S. 509, 515 (1982). .